IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
IN RE:                              )
                                    )
STACY L. DANLEY, II, and            )
STEPHANIE L. DANLEY,                )
                                    )
     Debtors.                       )
                                    )
                                    )
STACY L. DANLEY, II, and            )
STEPHANIE L. DANLEY,                )
                                    )
     Appellants,                    )
                                    )    CIVIL ACTION NO.
     v.                             )     3:16cv721-MHT
                                    )         (WO)
LIBERTY BANK & TRUST COMPANY,       )
f/k/a First Tuskegee Bank,          )
                                    )
     Appellee.                      )
```

OPINION

This case is a bankruptcy appeal filed by Stacy L. Danley, II and Stephanie L. Danley, who are pro se. The appellee is Liberty Bank & Trust Company, formerly known as First Tuskegee Bank. This cause is before the court on Liberty Bank & Trust Company's motion to dismiss the appeal for lack of jurisdiction. For the following reasons, the motion will be granted, and this appeal will

be dismissed.

Under the Federal Rules of Bankruptcy Procedure, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1) (emphasis added). If a party files certain post-judgment motions, including a motion to alter or amend the judgment, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R. Bankr. P. 8002(b)(1). "The Supreme Court has emphasized that the timely filing of a notice of appeal is mandatory and jurisdictional. If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal." In re Williams, 216 F.3d 1295, 1298 (11th Cir. 2000).

On July 8, 2016, the United States Bankruptcy Court entered judgment for Liberty Bank & Trust Company. The Danleys then filed a motion to alter or amend the judgment. Under Rule 8002 (b)(1), the time for filing a notice of appeal ran from the date that the order denying

2

the motion to alter or amend was entered.

The bankruptcy court entered the order denying the motion to alter or amend on August 15, 2016.  See Order Denying Motion to Alter, Amend, or Vacate (doc. no. 12-3).  Thus, under Rule 8002(a)(1), the deadline for filing the notice of appeal was August 29, 2017.  The Danleys filed their notice of appeal after the deadline--on September 1, 2016.

The Danleys claim they were confused as to the date the order denying their motion was entered, and argue that that the court should allow their appeal to proceed based on excusable neglect.  However, the court cannot grant them an extension of the deadline for filing their notice of appeal because they did not timely file a motion for extension of time.  Under Federal Rule of Bankruptcy Procedure 8002(d), a court may extend the time for filing a notice of appeal only if a party files a motion for extension of time before the deadline for filing a notice of appeal or "within 21 days after that time, if the party shows excusable neglect."  Because the Danleys did

3

not file a motion for extension of time within 21 days of the deadline for filing the notice of appeal, the court is not authorized to grant them an extension. See In re Williams, 216 F.3d at 1297.  Furthermore, in a bankruptcy case, the court may not construe a late-filed notice of appeal as a motion to extend the time to file the notice.  Id. at 1297-98.  Accordingly, the motion to dismiss the appeal for lack of jurisdiction must be granted.

    An appropriate judgment will be entered.

    DONE, this the 3rd day of May, 2017.

                               /s/ Myron H. Thompson
                             **UNITED STATES DISTRICT JUDGE**